CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
MAY 16 2006
JOHN F. CORCORAN, CLERK
BY: DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| DEBRA HENDERSON, | ) |
| | ) Civil Action No. 5:05CV00070 |
| Plaintiff, | ) |
| | ) |
| v. | ) **MEMORANDUM OPINION** |
| | ) |
| JO ANNE B. BARNHART, | ) |
| Commissioner of Social Security, | ) By: Honorable Glen E. Conrad |
| | ) United States District Judge |
| Defendant. | ) |

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claims for disability insurance benefits and supplemental security income benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(I) and 423, and 42 U.S.C. § 1381 et seq., respectively. Jurisdiction of this court is pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3). As reflected by the memoranda and argument submitted by the parties, the issues before this court are whether the Commissioner's final decision is supported by substantial evidence, and if it is not, whether plaintiff has met the burden of proof as prescribed by and pursuant to the Act. Stated briefly, substantial evidence has been defined as such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind. Richardson v. Perales, 402 U.S. 389, 401 (1971).

The plaintiff, Debra Henderson, was born on January 21, 1958, and eventually completed her high school education. Ms. Henderson has worked has a housekeeper. She last worked on a regular basis in October 2002. On November 19, 2002, Ms. Henderson filed applications for disability insurance benefits and supplemental security income benefits. Plaintiff alleged that she became disabled for all forms of substantial gainful employment on October 31, 2002, due to degenerative disc disease and a herniated disc. Plaintiff now maintains that she has remained

disabled to the present time. As to her application for disability insurance benefits, the record reveals that Ms. Henderson met the insured status requirements of the Act at all relevant times covered by the final decision of the Commissioner. See gen., 42 U.S.C. §§ 414 and 423.

Plaintiff's claims were denied upon initial consideration and reconsideration. She then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated February 20, 2004, the Law Judge also ruled that Ms. Henderson is not disabled. The Law Judge found that plaintiff suffers from a severe back impairment on the basis of severe pain caused by degenerative disc disease and a small disc herniation. Because of her back pain, the Law Judge held that plaintiff is disabled for her past relevant work as a housekeeper. However, the Law Judge determined that Ms. Henderson retains sufficient functional capacity for a wide range of light exertional activity in which she is permitted to sit or stand at will. Given such a residual functional capacity, and after considering Ms. Henderson's age, education, and prior work experience, as well as testimony from a vocational expert, the Law Judge found that plaintiff retains sufficient functional capacity for several specific light work roles existing in significant number in the national economy. Accordingly, the Law Judge ultimately concluded that plaintiff is not disabled, and that she is not entitled to benefits under either federal program. See, gen., 20 C.F.R. §§ 404.1520(g) and 416.920(g). The Law Judge's opinion was adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council. Having exhausted all available administrative remedies, Ms. Henderson has now appealed to this court.

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff is disabled for all forms of substantial gainful employment. See 42 U.S.C. §§ 423(d)(2) and 1382c(a). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts

2

and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

After a review of the record in this case, the court is unable to conclude that the Commissioner's final decision is supported by substantial evidence. It seems that Ms. Henderson has suffered from severe lower back pain for several years. An MRI in 1999 and a repeat MRI in 2002 revealed degenerative disc disease, small right sided disc herniation at L4-5, and, more recently, apparent impingement of the descending L5 nerve root. Plaintiff sought medical attention for her pain, and she was seen by several physicians. She was prescribed narcotic pain killers for her condition, and there is some indication that she overused, or abused, the medication. In any event, Ms. Henderson initially continued to work, but testified that she found it necessary to quit her job in October 2002.

In more recent years, Ms. Henderson has been treated by Dr. Bart Balint, a pain management specialist. Based on his clinical findings, and the MRI studies, Dr. Balint diagnosed multi-level lumbar degenerative disc disease and lumbar spondylosis. Dr. Balint performed a nerve block procedure in May 2002, which proved unsuccessful in relieving plaintiff's subjective discomfort. Dr. Balint considered his clinical findings to be positive. For example, in an office note dated August 13, 2003, Dr. Balint reported the following findings:

> Cranial nerves intact. Good strength in the upper extremity. There is significant tenderness in the paravertebral musculature in the thoracic area. Reflexes are +2 in the knees and +1 in the ankles. Straight leg raises are positive bilaterally with significant tightness posterior thigh. There is severe tenderness with forward flexion and deflexion of the lumbar spine. (TR 214).

3

While Dr. Balint approved of plaintiff's attempts to keep working, and while Dr. Balint's reports do not reflect any significant deterioration in plaintiff's condition, the pain specialist submitted a number of reports beginning in December 2002 which indicate that plaintiff is totally and permanently disabled. Citing the reports from nonexamining state agency physicians, and Dr. Balint's observation that Ms. Henderson's objective findings remained essentially the same, both before and after she last worked, the Commissioner concluded that plaintiff did not become disabled at any time prior to the issuance of the Administrative Law Judge's decision. However, based on Dr. Balint's findings and observations, which are essentially undisputed, the court must conclude that the Commissioner's final decision is not supported by substantial evidence. Given the input from Dr. Balint, the court believes that Ms. Henderson has met the burden of proof in establishing total disability for all forms of substantial gainful employment.

It is well settled that, in order to establish disability on the basis of pain, a claimant must demonstrate the existence of a medical impairment that reasonably could be expected to produce the pain alleged. Craig v. Chater, 76 F.3d 585, 594 (4th Cir. 1996). See also 20 C.F.R. §§ 404.1529(b) and 416.929(b). Though it is not necessary that the claimant's medical evidence prove the severity of the pain alleged, Mickles v. Shalala, 29 F.3d 918, 919 (4th Cir. 1994), it is necessary that the claimant demonstrate that she suffers from some problem which is capable of causing the subjective symptomatology of which the claimant complains. Hyatt v. Sullivan, 899 F.2d 329, 337 (4th Cir. 1990).

The Administrative Regulations provide that reports and opinions from treating physicians should be accorded greater weight than reports and opinions from medical sources who have not examined the claimant. Under 20 C.F.R. §§ 404.1527(d) and 416.927(d), it is provided, in pertinent part, as follows:

4

> *How we weigh medical opinions.* Regardless of its source, we will evaluate every medical opinion we receive. Unless we give a treating source's opinion controlling weight under paragraph (d)(2) of this section, we consider all of the following factors in deciding the weight we give to any medical opinion.
> (1) *Examining relationship.* Generally, we give more weight to the opinion of a source who has examined you than to the opinion of a source who has not examined you.
> (2) *Treatment relationship.* Generally, we give more weight to opinions from your treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations. If we find that a treating source's opinion on the issue(s) of the nature and severity of your impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record, we will give it controlling weight.

In the instant case, it is undisputed that Ms. Henderson suffers from physical problems which can be expected to cause a severe level of pain. Dr. Balint so stated in a report dated October 13, 2003. Moreover, the nonexamining state agency physician also noted that plaintiff's MRI findings are consistent with complaints of low back pain, though he noted that the "overall exams do not support total disability to work." (TR 188). In this respect, the court is constrained to conclude that Dr. Balint was in a better position to assess the results of plaintiff's clinical examinations than was the state agency physician, who did not see or examine Ms. Henderson.

In her memorandum in support of a motion for summary judgment, the Commissioner emphasizes that Dr. Balint did not report any significant deterioration in Ms. Henderson's condition that corresponded with her decision to quit working as a housekeeper. The court is unable to find any inconsistency, however, in Dr. Balint's reports. For example, on October 18, 2002, two weeks before Ms. Henderson quit her job, Dr. Balint reported that "at this time, I find it difficult to believe that the patient continues to try to work." The Commissioner also seemingly attaches significance to the fact that Dr. Balint came to conclude in March 2003 that Ms. Henderson was overusing pain medications. The court believes that this circumstance is consistent with the notion that plaintiff

5

was suffering from severe, debilitating, and unrelenting lower back discomfort. Finally, as noted above, the court finds the Commissioner's arguments regarding the probative value of the reports from the state agency physicians to be unavailing. These physicians did not have the opportunity to actually examine Ms. Henderson. For that matter, the court notes that their reports were based on the medical record as it existed on January 29, 2003, several months before Dr. Balint tendered his more definitive assessment as to plaintiff's capacity for sustained work activity.

If the Administrative Law Judge believed that Dr. Balint's reports and assessments were either inaccurate or incredible, the Law Judge had full authority to require Ms. Henderson to submit to examination by a medical consultant approved by the Commissioner. See 20 C.F.R. §§ 404.1517 and 416.917. No such consultative examination was commissioned in Ms. Henderson's case. Thus, the court finds that Dr. Balint's most recent assessments of plaintiff's residual functional capacity are undisputed.

As a more practical matter, the court believes that the final decision of the Commissioner overlooks several compelling, intrinsic circumstances in Ms. Henderson's case. Simply stated, this is not a case in which the claimant seeks entitlement to benefits based on a condition for which the claimant has failed to seek remedial treatment. The medical record reveals that Ms. Henderson has seen a variety of physicians for pain control. Though expensive and uncomfortable, she has followed prescribed treatment measures, including physical therapy and a lumbar medial branch block. Ms. Henderson has taken medication which has produced undesirable side effects. While she may have overmedicated on occasion, there is no reason to believe that her behavior in this regard was based on anything other than an attempt to control severe lower back pain. Two different physicians have opined that plaintiff's complaints of pain are consistent with the objective

6

findings from her MRI studies. In short, the court must conclude that the evidence does not support the finding that Ms. Henderson's complaints of disabling pain are incredible. Given the medical record, the reasonable inferences that can be drawn from that record, and plaintiff's own complaints of disabling lower back pain, the court concludes that Ms. Henderson has met the burden of proof in establishing total disability for all forms of substantial gainful employment. The court finds that plaintiff has met the burden in establishing that she became disabled on October 31, 2002.

For the reasons stated, the court is constrained to conclude that the Commissioner's final decision is not supported by substantial evidence. Defendant's motion for summary judgment must therefore be denied. Upon the finding that plaintiff has met the burden of proof as prescribed by and pursuant to the Act for entitlement to disability insurance benefits, judgment will be entered in favor of plaintiff. The final decision of the Commissioner will be reversed and the case remanded for the establishment of proper benefits. The Commissioner's final decision denying supplemental security income benefits will also be reversed to the extent that the denial was based on the finding that plaintiff is not disabled. However, since the Commissioner has apparently not considered whether plaintiff meets the financial eligibility requirements under that benefit program, the court must remand the case for an appropriate determination. An order and judgment in conformity will be entered this day.

The Clerk is directed to send certified copies of this opinion to all counsel of record.

ENTER: This 15th day of May, 2006.

_____
United States District Judge